IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01718-PAB-KLM

DTC ENERGY GROUP, INC., a Colorado Corporation,

   Plaintiff,

v.

ADAM HIRSCHFELD,
JOSEPH GALBAN, and
ALLY CONSULTING, LLC f/k/a WYADOK STAFFING, LLC, a limited liability company,

   Defendants.

---

# ORDER

---

This matter comes before the Court on defendant Adam Hirschfeld's Motion to Compel Arbitration and Stay Proceedings [Docket No. 26]. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

## I. BACKGROUND

Plaintiff DTC Energy Group and defendant Ally Consulting, LLC ("Ally") are competitors in the oil and gas staffing industry. Docket No. 24 at 2-3, 10, ¶¶ 4, 7, 10, 42. Defendants Adam Hirschfeld and Joseph Galban are former employees of DTC who currently work for Ally. *Id.* at 3, ¶¶ 8-9.[1] Plaintiff alleges that defendants misappropriated confidential information and trade secrets belonging to plaintiff, including information related to plaintiff's operations, customer and candidate

---

[1]This Order will refer to Ally Consulting, Adam Hirschfeld, and Joseph Galban collectively as "defendants."

databases, and pricing strategy. *Id.* at 1-2, 17-19, ¶¶ 2, 82-90.

On July 14, 2017, plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 4] seeking, among other things, to enjoin defendants' continued use and disclosure of plaintiff's confidential information and trade secrets. Docket No. 4 at 3. At the July 20, 2017 hearing on the motion for a temporary restraining order, the Court issued an oral ruling that plaintiff had failed to demonstrate a likelihood of success on the merits and denied plaintiff's request for a temporary restraining order. Docket No. 17 at 68, 68:21-24.

On September 13, 2017, plaintiff filed an amended complaint and an amended motion for a preliminary injunction. Docket No. 24; Docket No. 25. The amended complaint asserts claims for breach of contract, breach of the duty of loyalty, unjust enrichment, tortious interference with business relations, tortious interference with contract, unfair competition, civil theft, civil conspiracy, and misappropriation of trade secrets under 18 U.S.C. § 1839 and Colo. Rev. Stat. § 7-74-102. Docket No. 24 at 19-30. None of the defendants has responded to the amended preliminary injunction motion, and only Mr. Galban and Ally have filed answers to the amended complaint. *See* Docket No. 27; Docket No. 28. On September 26, 2017, Mr. Hirschfeld filed a Motion to Compel Arbitration and Stay Proceedings [Docket No. 26], contending that the claims against him are subject to arbitration under the terms of his employment agreement with DTC. Docket No. 26. Paragraph 16 of that agreement provides, in relevant part:

> Except for an action exclusively seeking injunctive relief, any disagreement, claim or controversy arising under or in connection with this Agreement, Employee's employment or termination of employment with

2

> the Company shall be resolved by way of confidential binding arbitration, pursuant to the Uniform Arbitration Act, C.R.S. § 13-22-201 *et. seq.*, to be conducted in the City and County of Denver, State of Colorado, all costs of enforcement, collection, including reasonable attorney's fees, to be awarded to the party or parties substantially prevailing therein.

Docket No. 24-1 at 7, ¶ 16. There is no dispute that this agreement governed Mr. Hirschfeld's employment with DTC. *See* Docket No. 29 at 3, ¶ 2.

## II. LEGAL STANDARD

The parties agree that Colorado law governs the interpretation of the arbitration provision in Mr. Hirschfeld's employment agreement. *See* Docket No. 26 at 2, ¶ 4; Docket No. 29 at 6. Under Colorado law, "[a]rbitration is a matter of contract and is governed by contract principles." *Winter Park Real Estate & Invs., Inc. v. Anderson*, 160 P.3d 399, 403 (Colo. App. 2007). When interpreting a contract, a court must "seek to effectuate the intent and reasonable expectations of the parties." *Id.* If the parties' intent is unclear, however, "a court must apply a presumption in favor of arbitration, and prohibit litigation unless the court can say . . . that the arbitration provision is not susceptible of any interpretation that encompasses the subject matter of the dispute." *Id.*

To the extent the parties also rely on federal law in support of their arguments, the Federal Arbitration Act ("FAA") does not differ from Colorado law in any respect material to this case. Like Colorado law, the FAA "reflect[s] both a liberal . . . policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Sanchez v. Nitro-Lift Technologies, LLC*, 762 F.3d 1139, 1145 (10th Cir. 2014) (quoting *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

Pursuant to these principles, courts "must rigorously enforce arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 133 S. Ct. 2304, 2309 (2013), and resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration. *Sanchez*, 762 F.3d at 1146 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983)).

## III. ANALYSIS

Although Mr. Hirschfeld concedes that plaintiff's amended complaint seeks only injunctive relief against him, *see* Docket No. 26 at 7, he argues that plaintiff's claims are subject to arbitration for two reasons: (1) the arbitration provision is broad and thus a presumption in favor of arbitration applies; and (2) plaintiff asserts claims against Mr. Hirschfeld – such as breach of contract, breach of loyalty, civil theft, and conspiracy – that require proof of damages as a necessary element. *See id.* at 2-3, 4-7, ¶¶ 5, 9-11, 16.

Mr. Hirschfeld first argues that, because the arbitration provision is broad, this Court should apply a presumption of arbitrability to plaintiff's claims. *See* Docket No. 26 at 4-7, ¶¶ 9-15. However, while it is true that the second clause of the arbitration provision states that "any disagreement, claim or controversy arising under or in connection with this Agreement" is subject to arbitration, Docket No. 26 at 5, ¶ 11; *see also* Docket No. 24-1 at 7, ¶ 16, the arbitration clause, by its terms, does not apply to "an action exclusively seeking injunctive relief." Docket No. 24-1 at 7, ¶ 16. Mr. Hirschfeld does not argue that this portion of the arbitration provision is ambiguous. Nor does the Court find any ambiguity in the parties' expressed intent to exclude from

4

the scope of the arbitration agreement any action seeking only injunctive relief. *See Colo. Coffee Bean, LLC v. Peaberry Coffee, Inc.*, 251 P.3d 9, 27 (Colo. App. 2010) (when interpreting and enforcing contract, court must assume that "[w]ritten contracts which are complete, clear in their terms, and free from ambiguity . . . express the intention of the parties" (quoting *Radiology Prof'l Corp. v. Trinidad Area Health Ass'n*, 577 P.2d 748, 751 (1978))).

Mr. Hirschfeld concedes that plaintiff's "prayer for relief against [him] indicates that only injunctive relief is being sought." *See* Docket No. 26 at 7, ¶ 16; Docket No. 33 at 4. Nevertheless, he contends that this action falls outside the scope of the exception clause because plaintiff "asserts claims . . . in which damage is a necessary element." Docket No. 33 at 4; *see also* Docket No. 26 at 2-3, ¶ 5.[2] Again, however, Mr. Hirschfeld's argument ignores the express language of the arbitration provision. That provision excludes certain actions from the scope of the parties' arbitration agreement based, not on the nature of the claims, but on the type of relief being sought. *See* Docket No. 24-1 at 7, ¶ 16 (excluding from scope of arbitration agreement any action "exclusively seeking injunctive relief"). The fact that proof of damages is an element of plaintiff's claims does not convert those claims into a request for monetary relief.

The Court further finds that plaintiff's claims against Mr. Hirschfeld exclusively

---

[2]For example, defendant notes that plaintiff asserts a breach of contract claim. *See* Docket No. 26 at 2-3, ¶ 5. In Colorado, "a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (internal citations omitted).

5

seek injunctive relief.  Only the first, second, fourth, and seventh paragraphs of plaintiff's prayer for relief pertain to Mr. Hirschfeld.  Those paragraphs request the following: (1) a preliminary injunction; (2) a preliminary and permanent injunction prohibiting the individual defendants from continuing to work with Ally Consulting or, in the alternative, from "contacting, soliciting, placing, or attempting to place any candidate or consultant in DTC's Candidate Database with any customer with whom they did business, or with whom they attempted to do business while employed by DTC"; (3) a preliminary and permanent injunction preventing defendants from using or disclosing plaintiff's confidential and proprietary information and trade secrets; (4) an order requiring the immediate return of plaintiff's confidential and proprietary information and trade secrets; and (5) an order "requiring an accounting from all Defendants with respect to all compensation, profits, monies, accruals, increments, or other benefits derived or received by them that resulted from their unlawful conduct."  Docket No. 24 at 30-31.  Because these paragraphs seek only injunctive relief, the Court finds that plaintiff's claims against Mr. Hirschfeld fall within the exception to the parties' arbitration agreement for actions "exclusively seeking injunctive relief."[3]  Accordingly, plaintiff's

---

[3]There is some ambiguity about whether a request for "an accounting" can be characterized as a request for injunctive relief.  *Compare Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015) (stating that, because the United States' sovereign immunity "extends to injunctive relief, it bar[red] the relief sought by Plaintiffs [in the case] – an order directing the government to provide an accounting" of reparation payments (internal quotations omitted)), *and Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1247 (D. Colo. 2015) (classifying as "injunctive relief" party's request for an "order compelling [D]efendant to submit to an audit" (internal quotations omitted)), *and Running Foxes Petroleum, Inc. v. Nighthawk Prod. LLC*, No. 14-cv-01466-MSK-MJW, 2015 WL 13614116, at *2 n.1 (D. Colo. Mar. 13, 2015) (characterizing an "accounting" as an equitable remedy "tied to . . . breach of contract claims"), *with Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 249 F. App'x 63, 79

6

claims against Mr. Hirschfeld are not subject to arbitration under the terms of Mr. Hirschfeld's employment agreement.

Because neither party has yet to "substantially prevail[]" in this action, any request for attorney's fees under the terms of Mr. Hirschfeld's employment agreement is premature. *See* Docket No. 24-1 at 7, ¶ 16 (providing that, in any action arising under or in connection with the employment agreement, "all costs of enforcement, collection, including reasonable attorney's fees," shall "be awarded to the party or parties substantially prevailing therein"). The Court also declines to consider Mr. Hirschfeld's request for judgment on the pleadings with respect to plaintiff's breach of duty of loyalty, breach of contract, civil theft, and conspiracy claims. *See* Docket No. 33

---

(10th Cir. 2007) (unpublished) ("The traditional form of restitutionary relief in an action for the appropriation of a trade secret is an accounting of the defendant's profits on sales attributable to the use of the trade secret. . . . The plaintiff is entitled to recover the defendant's net profits." (quoting Restatement (Third) of Unfair Competition § 45 (1995)), *and State ex rel. Plaquemines Parish Sch. Bd. v. La. Dep't of Natural* Res., 99 So. 3d 1028, 1033 (La. Ct. App. 2012) ("[A] prayer for an accounting by its very nature also include[s] a demand for any sum due."), *and Failor v. MegaDyne Med. Prods., Inc.*, 213 P.3d 899, 905 (Utah Ct. App. 2009) ("Accounting is defined simply as "[a] legal action to compel a defendant to account for and pay over money owed to the plaintiff but held by the defendant." (quoting *Black's Law Dictionary* 19 (7th ed. 1999)). However, the Court need not resolve the issue in this case. Plaintiff's request for "an accounting" does not make clear whether plaintiff is seeking disgorgement or merely disclosure of information regarding profits and benefits unlawfully obtained by defendants. *See Claire Murray, Inc. v. Reed*, 656 A.2d 822, 823 (N.H. 1995) (stating that "[a] petition for accounting involves two stages: (1) a demand for information in the nature of a discovery request; and (2) a demand for relief appropriate to the information developed"). In light of the fact that Mr. Hirschfeld construes plaintiff's complaint as seeking only injunctive relief, *see* Docket No. 26 at 7; Docket No. 33 at 4, the Court will likewise interpret plaintiff's demand for "an accounting" as a request for disclosure of information only. *See Cobell v. Babbitt*, 30 F. Supp. 2d 24, 39-40 (D.D.C. 1998) (declining to construe plaintiffs' request for "an accounting" as a request for money damages where plaintiffs did not request court "to order money damages . . . or to add to the collective balance of the accounts").

7

at 4. Not only was this request inappropriately made in Mr. Hirschfeld's briefing on the motion to compel arbitration, but it was also raised for the first time in his reply brief. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("It is not sufficient to merely mention an issue in a reply brief. Issues not raised in the opening brief are deemed abandoned or waived.").

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED** that defendant Hirschfeld's Motion to Compel Arbitration and Stay Proceedings [Docket No. 26] is **DENIED**. It is further

**ORDERED** that, within fourteen days of this Order, defendant Hirschfeld shall file an answer to Plaintiff's First Amended Complaint and Jury Demand [Docket No. 24]. It is further

**ORDERED** that, within seven days of this Order, defendants shall file responses to Plaintiff's Amended Motion and Supporting Memorandum for Preliminary Injunction [Docket No. 25]. It is further

**ORDERED** that, within seven days of this Order, each party shall file a list of witnesses expected to testify at the preliminary injunction hearing, along with the estimated length of the witness testimony. It is further

**ORDERED** that defendant Hirschfeld's request for costs and attorney's fees is **DENIED**.

DATED January 4, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge