IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01718-PAB-KLM

DTC ENERGY GROUP, INC., a Colorado corporation,

Plaintiff,

v.

ADAM HIRSCHFELD, an individual,
JOSEPH GALBAN, an individual, and
ALLY CONSULTING, LLC, a Wyoming limited liability company formerly known as Wyodak Staffing, LLC,
CRAIG HIRSCHFELD, an individual,
JOSEPH JOHNSON, an individual,
KATIE STROMSTAD, an individual,
ROSS RHINEHART, an individual, and
ALLY ENERGY SERVICES, INC., a Wyoming corporation,

Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Proceedings Pending Resolution of Criminal Proceedings** [#142][1] (the "Motion"). Plaintiffs filed a Response [#148] in opposition to the Motion [#142], and Defendants filed a Reply [#151]. Defendants seeks a stay of discovery in this matter until completion of parallel criminal proceedings against them. *Motion* [#139] at 2. Defendants explicitly request that the stay not include resolution of pending fully-briefed motions. *Id.* at 11-12.

In the interest of justice, the Court may, at its discretion, stay a civil action until

---

[1] [#142] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

completion of parallel criminal proceedings. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (additional citations omitted). To determine whether a stay is warranted in a particular case, the Court must generally balance the plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation [and] if those rights are waived." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003)). However, if the Court finds that a party's Fifth Amendment constitutional rights will be *substantially* prejudiced in the absence of a stay, then the Court's discretion disappears and a stay of the civil proceedings is required. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). The Court may also consider alternatives to a general stay, including "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236).

> When exercising its discretion, the Court considers the following factors:
>
> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiff[ ] in proceeding expeditiously weighed against the prejudice to plaintiff[ ] caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236-37).

With respect to the first factor, i.e., the extent to which the issues in the criminal case

overlap with those presented in the civil case, the parties agree that there is substantial overlap between the criminal and civil proceedings with regard to Defendants. *Motion* [#139] at 6-7 ("[T]here is complete, or near complete, overlap between these cases . . . ."); *Response* [#148] at 6 ("In this case, the grand jury subpoenas issued to the Defendants suggest that there is overlap between the criminal and civil proceedings."). Based on the filings in this matter, the Court agrees with the parties. Accordingly, the Court finds that this factor weighs heavily in favor of imposition of a stay of discovery.

With respect to the second factor, i.e., the status of the criminal case, the Court generally inquires whether the criminal cases are in the pre- or post-indictment stages. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2. "A stay is more likely warranted if an indictment has already been issued because (1) 'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and (2) 'the prejudice to the plaintiff[ ] in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *Id.* (quoting *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006)). "Though pre-indictment requests for a stay are generally denied, a motion for a stay of a civil proceeding should not be categorically denied solely because the defendant has yet to be indicted in a criminal case." *U.S. ex rel Magee v. Lockheed Martin Corp.*, No. 1:09CV324-HSO-JMR, 2010 WL 2816658, at *5 (S.D. Miss. July 16, 2010) (citing cases).

Here, the criminal case against Defendants is in the pre-indictment stage. However, Caleb Durling ("Durling"), an attorney for some of the defendants here, has filed an affidavit stating that he spoke with a Denver Assistant District Attorney on July 16, 2019. [#139-1]

¶ 10. Mr. Durling was told in that conversation "that if a subpoenaed party had a notice of his/her/its rights listed on the subpoena [to testify before a grand jury], then the party was a target rather than a witness or victim." *Id.* Mr. Durling states that "[a]ll the subpoenas received by the eight Defendants in this matter include this notice and thus are targets." *Id.* Mr. Durling also asserts that the Denver Assistant District Attorney told him "that he saw overwhelming evidence of criminal violations and strongly suggested that indictments would be forthcoming." *Id.* ¶ 11.

In *AIG Life Insurance Company v. Phillips*, the Court found this factor to weigh in favor of a "limited stay" where the defendants had asserted that the Attorney General's office told them "that criminal charges will be filed 'within a matter of weeks.'" 2007 WL 2116383, at *2. The Court noted that "[b]ecause criminal charges appear imminent, the risk to [the defendant] of being asked to make potentially incriminating statements is high, while there is little countervailing risk that the underlying action would be postponed indefinitely." *Id.* Here, three Defendants testified before the grand jury on July 24, 2019, and the other five are scheduled to testify on August 21, 2019. [#139-1] ¶ 10. Based on the foregoing, despite the fact that the proceedings are in the pre-indictment stage, the Court finds that the totality of the circumstances here weighs in favor of imposition of a stay of discovery.

With respect to the third factor, i.e., the private interests of Plaintiff in proceeding expeditiously weighed against the prejudice to Plaintiff caused by a delay, the Court first notes that Plaintiff is opposed to a stay. *Response* [#148] at 10. Plaintiff states that its "interest is to get civil relief before Defendants have an opportunity to hide or spend their assets and make them unavailable" to Plaintiff. *Id.* (citing information that some ownership

interests have been sold since the inception of this lawsuit). Defendants, on the other hand, believe that Plaintiff "has elected to seek to impose criminal penalties on Defendants" and therefore "must live with the consequences of this action . . . which is a delay in resolving the civil case." *Motion* [#139] at 9; *see also Reply* [#151] at 6-7 (providing a list of Plaintiff-driven delays in this case). The information provided by the parties does not strongly show a need for Plaintiff to proceed expeditiously at this time or that Plaintiff will incur substantial prejudice as the result of any delay. However, given the totality of the information provided, and Plaintiff's general interest in the expeditious resolution of its case, the Court finds that this factor weighs slightly against imposition of a stay of discovery.

With respect to the fourth factor, i.e., the private interests of and burden on Defendants, Defendants generally have an interest in avoiding the conflict between waiving their Fifth Amendment rights and, in essence, compromising their defense in this civil matter. *See, e.g.*, *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985) ("The individual petitioners unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege, in which event they may have to accept certain bad consequences that flow from that action."); *Creative Consumer Concepts*, 563 F.3d at 1080 ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."). Plaintiff argues that Defendant Adam Hirschfeld has also waived his Fifth Amendment privilege by previously testifying on substantive matters in this lawsuit in connection with the preliminary injunction hearing. *Response* [#148] at 11. Importantly, the two corporate Defendants may not assert Fifth Amendment privileges. *AIG Life Ins. Co.*, 2007 WL 2116383, at *3. Regardless, "the Supreme Court has implied that postponing discovery

may be appropriate when a demand for testimonial discovery has been addressed to an entity and no one can respond 'without subjecting himself to a "real and appreciable" risk of self-incrimination.'" *Id.* (quoting *United States v. Kordel*, 397 U.S. 1, 9 (1970)).

For the five individual Defendants, "[t]he [movants] should at least be required to make a specific showing of the harm [they] will suffer without a stay and why other methods of protecting [their] interests are insufficient." *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Creative Consumer Concepts*, 563 F.3d at 1080. Although the Court makes no finding on this issue, Defendants have raised non-frivolous concerns that Plaintiff has been funneling documents to the Denver District Attorney in violation of the Court's September 8, 2017 protective order. *See* [#20]; *Reply* [#151] at 8. Defendants also generally cite to the time and effort required to prepare for their rapidly-approaching grand jury testimony, including collecting the documents they must produce there. *Reply* [#151] at 8-9. The Court also notes the close relationship between the entity Defendants and the individual Defendants. *See generally Second Am. Compl.* [#82]. The Court cannot find, based on the record before it, that Defendants *will* be subject to *substantial* prejudice if a stay is not imposed here. *See Creative Consumer Concepts*, 563 F.3d at 1080 (stating that a stay is required if a party shows substantial prejudice to his civil rights in the absence of a stay). However, based on the totality of these considerations, the Court finds that this factor weighs in favor of imposition of a stay of discovery.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation

may be appropriate when a demand for testimonial discovery has been addressed to an entity and no one can respond 'without subjecting himself to a "real and appreciable" risk of self-incrimination.'" *Id.* (quoting *United States v. Kordel*, 397 U.S. 1, 9 (1970)).

For the five individual Defendants, "[t]he [movants] should at least be required to make a specific showing of the harm [they] will suffer without a stay and why other methods of protecting [their] interests are insufficient." *In re Ramu Corp.*, 903 F.2d 312, 320 (5th Cir. 1990). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Creative Consumer Concepts*, 563 F.3d at 1080. Although the Court makes no finding on this issue, Defendants have raised non-frivolous concerns that Plaintiff has been funneling documents to the Denver District Attorney in violation of the Court's September 8, 2017 protective order. *See* [#20]; *Reply* [#151] at 8. Defendants also generally cite to the time and effort required to prepare for their rapidly-approaching grand jury testimony, including collecting the documents they must produce there. *Reply* [#151] at 8-9. The Court also notes the close relationship between the entity Defendants and the individual Defendants. *See generally Second Am. Compl.* [#82]. The Court cannot find, based on the record before it, that Defendants *will* be subject to *substantial* prejudice if a stay is not imposed here. *See Creative Consumer Concepts*, 563 F.3d at 1080 (stating that a stay is required if a party shows substantial prejudice to his civil rights in the absence of a stay). However, based on the totality of these considerations, the Court finds that this factor weighs in favor of imposition of a stay of discovery.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation

moving to conclusion without necessary delay." *In re CFS*, 256 F. Supp. 2d at 1241. On the other side of the scale, final resolution of the parallel criminal proceedings could increase the possibility of settlement in this case. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *4. Thus, the Court finds that this factor is neutral.

With regard to the sixth and final factor, the parties agree that it is neutral, and the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. *Response* [#148] at 12; *Reply* [#151] at 10. Thus, the Court finds that this factor is neutral in light of those goals.

Application of the factors examined above results in the conclusion that the imposition of a brief stay of discovery is justified in this matter. Given that five Defendants are slated to testify before the grand jury on August 21, 2019, and any indictments *may* issue shortly thereafter,

IT IS HEREBY **ORDERED** that the Motion [#142] is **GRANTED** to the extent that this matter is **STAYED** as to discovery through **September 18, 2019**.[2]

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report with the Court **no later than September 11, 2019**, at which time the Court will determine whether the stay should be extended.

DATED: August 19, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] This stay is not in any way intended to impact the timing of resolution of any pending, fully-briefed motions.