IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01718-PAB-KLM

DTC ENERGY GROUP, INC., a Colorado corporation,

    Plaintiff,

v.

ADAM HIRSCHFELD, an individual,
JOSEPH GALBAN, an individual, and
ALLY CONSULTING, LLC, a Wyoming limited liability company formerly known as Wyodak Staffing, LLC,
CRAIG HIRSCHFELD, an individual,
JOSEPH JOHNSON, an individual,
KATIE STROMSTAD, an individual, and
ROSS RHINEHART, an individual,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Protective Order and Supporting Memorandum of Law** [#155][1] (the "Motion"). Defendants filed a Response [#159] in opposition to the Motion [#155], and Plaintiff filed a Reply [#161]. Plaintiff "moves for modification of the Court's protective order to reflect the well-established rule that a grand jury subpoena requires a subpoenaed party to produce *all* documents responsive to the subpoena, including documents marked confidential pursuant to a civil protective order." *Motion* [#155] at 1.

---

[1] [#155] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

## I. Background

In June 2019, Plaintiff's attorneys received a grand jury subpoena from the Denver District Attorney ordering them to produce documents relating to alleged criminal conduct by Defendants, including documents which had been produced by Defendants and marked by them as "confidential" under the terms of the protective order issued by the Court in this case. Plaintiff asserts that, prior to producing the confidential documents, it engaged in legal research to determine whether a grand jury subpoena prevails over a civil protective order, and concluded that it does. Defendants, after discovering that Plaintiff had funneled their confidential documents to the Denver District Attorney, accused Plaintiff of malfeasance and violation of the Court's protective order in this case. That order provides:

> Any party can designate any information that is confidential pursuant to its good faith belief that the information contained within a document is confidential. Any information designated as confidential and produced to opposing counsel shall be used only for purposes of this litigation and shall not be disclosed to anyone other than attorneys of record, the Court and the parties. If there are any disputes regarding a confidential designation, counsel shall confer and follow the Court's discovery procedures to resolve any disputes. This Protective Order shall remain in effect until such time as it is superseded by other written protective order, if any.

*See Minutes* [#22] (transcribing the Court's September 8, 2017 oral protective order). In the present Motion, Plaintiff asks the Court to "amend its protective order to reflect the law that a grand jury subpoena trumps a civil protective order." [#155] at 3.

The Court notes that Defendants have also filed a Motion for Sanctions asking "that the Court issue an order to show cause and subsequently enter sanctions against both [Plaintiff] and its counsel for willfully violating the protective order entered by this Court on September 8, 2017 . . . ." [#165] at 1. The Court here solely adjudicates the issue of whether the protective order should be modified. In light of the fact that Defendants'

request covers a range of issues, not all of which are fully related to modification of the protective order, the Court will issue a separate order in due course which addresses Plaintiff's conduct and whether sanctions should be imposed.

## II. Analysis

### A. Grand Jury Subpoenas and Civil Protective Orders

The issue of whether a grand jury subpoena prevails over a civil protective order appears to be one of first impression in this circuit. The parties appear to agree that *Securities and Exchange Commission v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262 (10th Cir. 2010), is the Tenth Circuit Court of Appeals' case offering the closest guidance on this issue. While *Merrill Scott* does not directly address the issue, it does provide some guidance, particularly in its discussion of *In re Grand Jury Subpoena*, 836 F.2d 1468 (4th Cir. 1988). *Merrill Scott*, 600 F.3d at 1274-75 (10th Cir. 2010).

In *Merrill Scott*, the Securities and Exchange Commission ("SEC") voluntarily disclosed materials marked confidential under the applicable civil protective order to the Internal Revenue Service ("IRS"), a non-party. *Id.* at 1275. The Tenth Circuit noted that the facts of the case were "easily distinguishable" from those in *In re Grand Jury Subpoena*. *Id.* "There, the Fourth Circuit, relying in part on '[t]he sweeping power of the grand jury to compel the production of evidence,' ruled that deponents in a civil case could not use a civil protective order to block a grand jury criminal subpoena requiring production of their sealed depositions." *Id.* (internal citation omitted). Thus, the Tenth Circuit distinguished *In re Grand Jury Subpoena* on the basis that "no such criminal subpoena [was] at issue in" *Merrill Scott*. However, a criminal subpoena is precisely what is at issue in the present case. *Id.* The Tenth Circuit also stated without further comment that "[t]he Fourth Circuit

-3-

noted that the government had two options in seeking to obtain the deposition transcripts: it could subpoena the transcripts as part of a grand jury investigation, or seek permissive intervention in the civil action to request that the protective order be modified or vacated." *Merrill Scott*, 600 F.3d at 1275 n.3 (citing *In re Grand Jury Subpoena*, 836 F.2d at 1470).

The Fourth, Ninth, and Eleventh Circuits have all "adopted a *per se* rule that [civil] protective orders cannot shield discovery from grand jury subpoenas." *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d 1222, 1226-27 (9th Cir. 1995); *In re Grand Jury (Williams)*, 995 F.2d 1013 (11th Cir. 1993). The Ninth Circuit in particular thoroughly examined the Fourth and Eleventh Circuits' prior opinions, concluding that (1) "[t]he Fourth Circuit's exhaustive delineation of the various considerations reveals that allowing protective orders to be enforced at the expense of grand jury subpoenas would yield little benefit, at great cost," (2) "[t]he Eleventh Circuit's dogged devotion to the grand jury's constitutional and historical stature . . . suggests that a *per se* rule in favor of the grand jury subpoena is not only the practical result, but also the proper one," and (3) "there is nothing in Rule 26's language or commentary to indicate that Congress, in enacting the protective order rule, intended to abrogate the historical investigative powers of the grand jury." *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d at 1224-27.

These circuit courts all expressly distinguished or declined to extend the Second Circuit's opinion of *Martindell v. International Telephone and Telegraph Corporation*, 594 F.2d 291, 296 (2d Cir. 1979), which "concerned an informal government request to a federal district court for copies of deposition transcripts which were the subject of a Rule 26 protective order." *In re Grand Jury Subpoena*, 836 F.2d at 1473. The *Martindell* court

held that, "absent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need, . . . a witness should be entitled to rely upon the enforceability of a protective order against any third parties, including the Government . . . ." 594 F.2d at 296. Thus, the Second Circuit "affirmed the district court's decision to deny the request, concluding that the interest in protecting efficient resolution of civil disputes outweighed the interest of the government in effective law enforcement when such interest was expressed "'simply by picking up the telephone or writing a letter to the court.'" *In re Grand Jury Subpoena*, 836 F.2d at 1473 (quoting *Martindell*, 594 F.2d at 294). The Fourth Circuit noted that the Second Circuit "did not express an opinion on how these interests should be balanced when a grand jury subpoena seeks to override a valid protective order." *In re Grand Jury Subpoena*, 836 F.2d at 1473.

The First and Third Circuits have also addressed this issue, both rejecting *Martindell*'s reasoning. *In re Grand Jury Subpoena (Roach)*, 138 F.3d 442 (1st Cir. 1998); *In re Grand Jury*, 286 F.3d 153, 158 (3d Cir. 2002). The Third Circuit, which appears to be the most recent circuit court to address the issues, "join[ed] the First Circuit in concluding that a strong but rebuttable presumption in favor of a grand jury subpoena best accommodates the sweeping powers of the grand jury and the efficient resolution of civil litigation fostered by protective orders." *In re Grand Jury*, 286 F.3d at 158. In short, the First and Third Circuits rejected the per se rule that a grand jury subpoena always prevails over a civil protective order because, although the rule:

> defers to the sweeping powers of the grand jury, [it] does so at the expense of flexibility. It also forecloses enforcement of a protective order in the exceptional case in which the public interest demands that the civil litigation take priority over any criminal investigation. Such a rigid test ignores "idiosyncratic circumstances" and fails to understand that "the confluence of

> the relevant interests—generally, those of society at large and of the parties who are seeking to keep a civil protective order inviolate—occasionally may militate in favor of blunting a grand jury's subpoena."

*Id.* at 162 (quoting *In re Grand Jury Subpoena (Roach)*, 138 F.3d at 445).

Ultimately, the Court agrees with the First, Third, Fourth, Ninth, and Eleventh Circuits, for the reasoning explained by those courts at length. The Second Circuit's "compelling need" standard "does not comport with the wide-reaching powers of the grand jury and the judicial deference shown those powers." *In re Grand Jury*, 286 F.3d at 162. However, because the outcome of this issue would be the same regardless of which rule is adopted, the Court need not decide between the Fourth, Ninth, and Eleventh Circuit's per se rule that a grand jury subpoena always prevails over a civil protective order and the First and Third Circuit's rule that "a grand jury subpoena supercedes a protective order unless the party seeking to quash the subpoena can demonstrate exceptional circumstances that clearly favor subordinating the subpoena to the protective order." *In re Grand Jury*, 286 F.3d at 165.

The Third Circuit emphasized how rare these "exceptional circumstances" are. *Id.* at 163 ("We cannot overemphasize that the presumption we announce today in favor of a grand jury subpoena may only be rebutted in the rarest and most important of cases."), 164 ("[I]n almost all cases, the grand jury subpoena should prevail."). The court approvingly cited several hypothetical examples where a civil protective order might prevail over a grand jury subpoena: (1) "a large bankruptcy case of major national importance, one which requires swift resolution to serve the broader interests of many creditors and thousands of employees' jobs," such that "confidentiality could be essential to ensuring that the parties are forthcoming and the public interest is served;" (2) a case "involving a failed savings and

loan or other financial institution, one[ ] in which the public interest in settling the institution's affairs and avoiding a costly government bailout might outweigh the prosecutorial interest;" and (3) "[m]ass tort litigation, in which interfering with discovery could threaten awards of compensation for thousands of plaintiff victims." *Id.* at 163 (citation omitted).

The non-exhaustive list of factors to be considered by the Court, as provided by the First Circuit in *In re Grand Jury Subpoena (Roach)*, 138 F.3d at 455, and adopted by the Third Circuit in *In re Grand Jury*, 286 F.3d at 163, is as follows:

> 1) the government's need for the information (including the availability of other sources); 2) the severity of the contemplated criminal charges; 3) the harm to society should the alleged criminal wrongdoing go unpunished; 4) the interests served by continued maintenance of complete confidentiality in the civil litigation; 5) the value of the protective order to the timely resolution of that litigation; 6) the harm to the party who sought the protective order if the information is revealed to the grand jury; 7) the severity of the harm alleged by the civil-suit plaintiff; and 8) the harm to society and the parties should the encroachment upon the protective order hamper the prosecution or defense of the civil case.

*In re Grand Jury*, 286 F.3d at 163. The parties do not provide argument regarding these individual factors. Nevertheless, it only takes a cursory review of the background of this case to determine that it does not rise anywhere close to the level of the type of case determined to be an "exceptional circumstance" by the First and Third Circuits. *See generally Am. Compl.* [#82].

Accordingly, regardless of whether the Court uses the "exceptional circumstances" test of the First and Third Circuits or the per se rule of the Fourth, Ninth, and Eleventh Circuits, the Court finds that the grand jury subpoenas issued to Plaintiff prevail over the Court's September 8, 2017 civil protective order entered in this litigation.

**B.     Modification of the Protective Order**

Plaintiff asks the Court to modify the protective order issued in this case "to reflect the rule that a grand jury subpoena overrules a civil protective order." *Motion to Amend* [#155] at 8. Specifically, Plaintiff requests that the following language be entered as an order of the Court:

> Any party can designate any information that is confidential pursuant to its good faith belief that the information contained within a document is confidential. Any information designated as confidential and produced to opposing counsel shall be used only for purposes of this litigation and shall not be disclosed to anyone other than *the parties, their counsel, the Court, and expert witnesses, except that any person or entity subject to this order may disclose documents designated as confidential in response to a valid subpoena issued in any criminal proceeding*. If there are any disputes regarding a confidential designation, counsel shall confer and follow the Court's discovery procedures to resolve any disputes.

*Proposed Order* [#155-2] at 1-2 (emphasis added to show requested amended language).

The Tenth Circuit Court of Appeals has expressed concern over retroactive modification of civil protective orders in the absence of unusual or extraordinary circumstances. *Merrill Scott*, 600 F.3d at 1272-73. Here, as discussed above, regardless of the content of the protective order in this case, the grand jury subpoenas prevail. Thus, on the one hand, any request to amend the protective order to clarify that grand jury subpoenas prevail over the civil protective order in this case is a moot issue. Plaintiff, in fact, recognizes this, conceding that any alteration to the protective order would be "in form but not substance." *Motion* [#155] at 2. On the other hand, given that an alteration to the protective order would be "in form but not substance," there appears to be no bar to the Court's authority to amend the protective order to provide clarification. In other words, modification of the protective order to clarify what the law is—and has been—does not equate to retroactively modifying the protective order to change which documents may be

disclosed or to whom such documents may be disclosed.

Here, given that there would be no "real world" impact either way, the Court finds that the better course of action is to leave the protective order unmodified. To the extent there is any confusion about how the terms of the protective order apply in connection with subpoenas from a grand jury, this Order has addressed those issues. Modification of the protective order will not impact the course of this litigation in any way. Accordingly, the Motion [#155] is **denied**.

### III. Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#155] is **DENIED**.

DATED: October 29, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge