IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01718-PAB-KLM

DTC ENERGY GROUP, INC., a Colorado Corporation,

    Plaintiff,

v.

ADAM HIRSCHFELD,
JOSEPH GALBAN,
CRAIG HIRSCHFELD,
JOSEPH JOHNSON,
KATIE STROMSTAD,
ROSS RHINEHART, and
ALLY ENERGY SERVICES, INC., a Wyoming corporation,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendant Adam Hirschfeld's Motion for Judgment on the Pleadings [Docket No. 134]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## I. BACKGROUND

### A. Factual Background

Plaintiff DTC Energy Group, Inc. ("DTC") is a consulting and staffing firm serving the oil and gas industry. Docket No. 82 at 4, ¶ 8.[1] DTC's business involves placing

---

[1] These facts are drawn from Plaintiff's Second Amended Verified Complaint and Jury Demand [Docket No. 82]. The Court discusses only those allegations relevant to resolution of the instant motions. Further background can be found in the Court's orders on DTC's motion for a preliminary injunction and on various defendants' motions

employees with companies in the oil and gas industry. *Id*. at 7, ¶ 20. In connection with that business, DTC has confidential information, some of which it contends are "trade secrets." *Id*. at 12-14, ¶¶ 42-50.

In May 2013, DTC hired defendant Adam Hirschfeld ("Hirschfeld") as a salesman. *Id*. at 8, ¶ 27. In January 2014, DTC promoted Hirschfeld to be its business development lead. *Id*. at 9, ¶ 29. As business development lead, Hirschfeld had access to DTC's confidential information. *Id*. ¶ 33. DTC and Hirschfeld executed an employment agreement effective January 1, 2015. *Id*. ¶ 30; *see also* Docket No. 82-2 (copy of employment agreement). Paragraph 16 of that agreement provides, in relevant part:

> Except for an action exclusively seeking injunctive relief, any disagreement, claim or controversy arising under or in connection with this Agreement, Employee's employment or termination of employment with the Company shall be resolved by way of confidential binding arbitration, pursuant to the Uniform Arbitration Act, C.R.S. § 13-22-201 *et. seq.*, to be conducted in the City and County of Denver, State of Colorado, all costs of enforcement, collection, including reasonable attorney's fees, to be awarded to the party or parties substantially prevailing therein.

Docket No. 82-2 at 7, ¶ 16. The employment agreement also includes a nonsolicitation provision. *Id*. at 6, ¶ 12. The nonsolicitation provision does not apply, however, if the employment agreement is terminated by Hirschfeld "because there has been a change in the current equity ownership of [DTC]." *Id*.

In July 2014, DTC hired defendant Katie Stromstad ("Stromstad") as a human

---

to dismiss. *See* Docket Nos. 57 and 160. The allegations in the complaint are to be taken as true in considering a motion for judgment on the pleadings. *Adams v. Jones*, 577 F. App'x 778, 781-82 (10th Cir. 2014) (unpublished).

resources specialist.  Docket No. 82 at 5, ¶ 13.  In November 2014, DTC hired defendant Joseph Galban ("Galban") as a staff accountant.  *Id*. at 4, ¶ 10.  From approximately July 2015 to June 2016, DTC subleased office space to defendant Ross Rhinehart ("Rhinehart").  *Id*. at 5, ¶ 14.

In the summer of 2015, DTC began discussing a potential business relationship with defendant Ally Consulting, LLC ("Ally Consulting").  *Id*. at 15, ¶ 57.[2]  Ally Consulting provides similar staffing services in the oil and gas industry.  *Id*. at 16, ¶ 59.  DTC agreed that it would assist Ally Consulting by "taking on its few employees and/or contractors and by handling the associated administrative services . . . in exchange for percentage-based payments from [Ally Consulting]."  *Id*. at 15, ¶ 58.  DTC and Ally Consulting executed an agreement on January 11, 2016; Ally Consulting terminated the agreement on July 11, 2016.  *Id*. at 16, ¶¶ 60-62.

DTC alleges that, beginning in November 2015, Hirschfeld, defendant Craig Hirschfeld, and defendant Joseph Johnson ("Johnson") began "plotting" to build up Ally Consulting by "stealing DTC's business."  *Id*. at 16, ¶ 64.  DTC alleges that Hirschfeld, Craig Hirschfeld, and Johnson agreed that Hirschfeld would work for Ally Consulting while still employed by DTC, and that Hirschfeld would convince Galban and Stromstad to assist him.  *Id*. at 17, ¶ 66-67.  DTC alleges that Hirschfeld would secure customers on Ally Consulting's behalf from customers who believed they were dealing with DTC, and that Hirschfeld, Galban, Stromstad, and Rhinehart would email the customers "onboarding paperwork on Ally letterhead that they had copied from DTC forms."  *Id*. at

---

[2] At the time, Ally Consulting was known as Wyodak Staffing, LLC.

18, ¶¶ 73-74. Hirschfeld, Galban, Stromstad, and Rhinehart worked to conceal the work they were doing for Ally Consulting from DTC's owners. *Id*. at 20-21, ¶¶ 90-97.

In April 2017, there was a change in the equity ownership of DTC. *Id*. at 32, ¶ 180. On May 3, 2017, Hirschfeld resigned from DTC, effective May 31. *Id*., ¶ 187. In late May 2017, Hirschfeld asked Rhinehart to obtain "confidential DTC financial information" from Galban. *Id*. at 34, ¶ 195. Hirschfeld, Stromstad, and Galban now all work for Ally Consulting. *Id*. at 35, ¶ 203. Before leaving DTC, Hirschfeld stole his work laptop and flash drives that had "thousands of confidential DTC files he downloaded to them." *Id*. at 37, ¶ 220.

### B. Procedural History

DTC initiated this lawsuit on July 14, 2017. Docket No. 1. On the same day, DTC moved for a temporary restraining order and preliminary injunction based on the alleged misappropriation of its trade secrets by Hirschfeld, Galban, and Ally Consulting. Docket No. 4. After a hearing on the motion on July 20, 2017, the Court denied DTC's request for a temporary restraining order, finding that DTC had failed to demonstrate a likelihood of success on the merits of its misappropriation claims. *See* Docket No. 17 at 69.

On September 13, 2017, DTC filed an amended complaint and an amended motion for a preliminary injunction. Docket Nos. 24, 25. The amended motion sought relief against Adam Hirschfeld, Galban, and Ally Consulting for misappropriation of trade secrets under federal and state law, breach of contract, and breach of the duty of loyalty and unfair competition. Docket No. 25 at 2, 6-16. In response, on September

26, 2017, Hirschfeld filed a motion to compel arbitration, arguing that Paragraph 16 of the employment agreement required that DTC's claims be resolved through arbitration. Docket No. 26. On January 4, 2018, the Court denied the motion. Docket No. 37. The Court concluded that, because DTC's claims against Hirschfeld "exclusively [sought] injunctive relief," DTC's claims fell within the exception in the employment agreement for actions "exclusively seeking injunctive relief." *Id*. at 5-6.

After an evidentiary hearing on January 30, 2018, the Court denied DTC's request for a preliminary injunction on March 2, 2018. Docket No. 57. The Court found that DTC "presented no evidence . . . that defendants have retained access to [DTC's] proprietary information," that defendants have "continued to appropriate DTC's name or resources to solicit business," or that there is "ongoing confusion within the industry as to the relationship between the two companies." *Id*. at 16, 19. As a result, the Court concluded that DTC had failed to demonstrate a likelihood of irreparable harm on all of its claims save for the breach of contract claim. *Id*. at 16. The Court further concluded that DTC had failed to demonstrate a likelihood of success on the merits of the breach of contract claim because the nonsolicitation provision in the employment agreement was unenforceable as a result of the change in equity ownership of DTC. *Id*. at 21. The Court rejected DTC's argument that the prior breach doctrine precluded Hirschfeld from relying on the equity ownership clause as a defense to DTC's attempt to enforce the contract. *Id*. at 22-23.

The Tenth Circuit affirmed the Court's denial of a preliminary injunction. *See DTC Energy Group, Inc. v. Hirschfeld*, 912 F.3d 1263 (10th Cir. 2018). As to the

Court's ruling on irreparable harm, the Tenth Circuit "conclude[d] that the district court did not abuse its discretion" in finding that DTC did not show a sufficient probability of irreparable harm "[b]ased on [the Tenth Circuit's] review of the evidence presented at the preliminary injunction hearing." *Id*. at 1271. As to likelihood of success on the merits, the Tenth Circuit found that the Court "did not err" in finding that the prior breach doctrine did not apply to Hirschfeld's invocation of the change in ownership clause. *Id*. at 1273-74.

On November 9, 2018, DTC filed its Second Amended Complaint (the "complaint"). Docket No. 82. As relevant here, the complaint brings claims against Hirschfeld for (1) breach of contract; (2) breach of the duty of loyalty; (3 and 4) misappropriation of trade secrets under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 *et seq.*, and the Colorado Uniform Trade Secrets Act ("CUTSA"), Colo. Rev. Stat § 7-74-101 *et seq.*; (5) unjust enrichment; (6) civil theft; (7) conversion; (8) civil conspiracy; (9) violation of the Civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*; and (10) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq*. *Id*. at 40-56, ¶¶ 241-345. As in the first amended complaint, DTC seeks only injunctive relief against Hirschfeld, while it seeks both injunctive relief and money damages against the other defendants.

On September 25, 2019, the Court entered an order dismissing all claims against defendant Ally Energy Services, Inc., and some of the claims against Craig Hirschfeld, Stromstad, Rhinehart, and Johnson. Docket No. 160. As relevant here, the

6

Court dismissed DTC's RICO claim against Craig Hirschfeld, Stromstad, Rhinehart, and Johnson on the basis that DTC "failed to adequately allege a pattern of racketeering." *Id*. at 30.

## II.  LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams,* 577 F. App'x at 781-82 ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006)).  The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. at 782.  To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).  A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c).  Fed. R. Civ. P. 12(h)(2).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the

7

pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

## III. ANALYSIS

Hirschfeld's argument in support of judgment on the pleadings is less than clear. First, Hirschfeld notes – correctly – that DTC is not seeking money damages from Hirschfeld as relief on any of the claims against him. Docket No. 134 at 5-6. Next, Hirschfeld argues that this Court's ruling on DTC's motion for a preliminary injunction and the Tenth Circuit's affirmance of that order constitute the "law of the case" and preclude DTC from obtaining any injunctive relief against Hirschfeld. *Id*. at 7-8. Hirschfeld contends that these propositions, taken together, mean that all of DTC's claims fail because – as both monetary and injunctive relief are precluded – DTC cannot obtain any relief from Hirschfeld. *Id*. at 8. On a somewhat separate track, Hirschfeld suggests that, because DTC has "waived" damages against Hirschfeld on

certain claims where damages is a required element of the claim, DTC cannot sustain such claims. *Id.* at 9. The Court considers each argument in turn.

### A. Law of the Case

"When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings." *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). The doctrine "govern[s] the same issues in subsequent phases of the same case." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007).

"Preliminary or tentative rulings do not establish law of the case." 18B Charles A. Wright et al., *Federal Practice & Procedure* § 4478.5 (2d ed. Nov. 2019 update). "[P]reliminary injunctions are 'customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'" *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quoting *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).[3] Accordingly, findings of fact and conclusions of law made by a Court granting or denying a preliminary injunction are generally not entitled to law of the case status, as they are "not binding at trial on the merits." *Camenisch*, 451 U.S. at 395; *see also* 18B Wright et al., *Fed Prac. & Proc.* § 4478.5. However, "[a] fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . does become the law of the case for further proceedings in the trial court on remand and in any subsequent appeal." 18B Wright et

---

[3] Although the language in *Camenisch* refers only to "grant[ing]" a preliminary injunction, the Tenth Circuit in *Tyson Foods* cited it in reviewing the denial of a preliminary injunction. *See Tyson Foods*, 565 F.3d at 776.

9

al., *Fed Prac. & Proc.* § 4478.5.

In order to analyze what "law of the case" effect the orders entered by this Court and the Tenth Circuit have, the Court must first identify which issues Hirschfeld believes are entitled to law of the case status. The Court understands Hirschfeld to be arguing that the law of the case is that (1) DTC cannot show irreparable harm from Hirschfeld's past misconduct, and (2) the employment agreement between Hirschfeld and DTC cannot support injunctive relief as a result of present or future misconduct. *See* Docket No. 134 at 7-8. As a result, Hirschfeld argues that DTC is precluded from obtaining any injunctive relief in this case. *See id*.

The Court disagrees. First, Hirschfeld's argument that "[i]njunctive relief can only be obtained for continuing or prospective injury" is misplaced, as it ignores the different legal standards governing preliminary and permanent injunctions. *See id*. at 7. A party seeking a preliminary injunction must show that it is "substantially likely to succeed on the merits" and "will suffer irreparable injury" absent an injunction. *DTC Energy*, 912 F.3d at 1270. By contrast, a party seeking a permanent injunction must show that it "has suffered an irreparable injury" and that "remedies available at law . . . are inadequate to compensate for that injury." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156 (2010).[4] Thus, if DTC succeeds on its claims and is able to

---

[4] In his reply brief, Hirschfeld cites cases from the Colorado Supreme Court to argue that the standards for a preliminary and permanent injunction are essentially the same. *See* Docket No. 136 at 2-3. However, "federal law governs . . . when a preliminary injunction may issue" in cases heard in federal court. *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010). The Court perceives no reason why it would apply a state-law test for permanent injunctive relief.

show that it suffered – in the past – an irreparable injury as a result of Hirschfeld's actions, it may be able to obtain a permanent injunction.

Moreover, the Court disagrees that any law of the case has been established as to irreparable injury suffered by DTC. The Court's factual findings in the preliminary injunction order were based on the evidence before it at the time of the hearing. For example, the Court concluded that DTC failed to show irreparable harm based on misappropriation of trade secrets because DTC "presented no evidence . . . that defendants have retained access to DTC's proprietary information." *See* Docket No. 57 at 16. The Tenth Circuit's opinion was similarly "[b]ased on [its] review of the evidence presented at the preliminary injunction hearing." *See DTC Energy*, 912 F.3d at 1271. Thus, the findings of fact made by both this Court and the Tenth Circuit were not made upon a complete record. *See Northglenn Gunther Toody's LLC v. HQ8-10410-10450 Melody Lane, LLC*, No. 16-cv-02427-WJM-KLM, 2018 WL 1762611, at *5 (D. Colo. April 12, 2018) (holding that the law of the case was not established by preliminary injunctions where the district court's conclusions were explicitly based on the record before it at the time). Because such findings of fact are "not binding at trial on the merits," DTC is entitled to present whatever information they may learn from discovery – for example, evidence that Hirschfeld and the other defendants are still making use of proprietary information – in order to attempt to prove their claims. *See Camenisch*, 451 U.S. at 395. Thus, the Court rejects Hirschfeld's argument that the law of the case precludes DTC from seeking injunctive relief.

To what extent the law of the case has been established as to the employment

agreement is a more difficult question.  In the preliminary injunction order, the Court concluded that DTC was "unlikely" to succeed on the merits of its beach of contract claim because it failed to show that the prior breach doctrine precluded Hirschfeld from enforcing the equity ownership provision of the contract.  *See* Docket No. 57 at 23.  The Tenth Circuit affirmed, agreeing that the prior breach doctrine did not apply.  *See DTC Energy*, 912 F.3d at 1274.  The Tenth Circuit further concluded that the nonsolicitation provision of the employment agreement expired one year after Hirschfeld's resignation.  *See id*.

Interpretation of a contract is a question of law.  *See DTC Energy*, 912 F.3d at 1273.  In some situations, "[a] fully considered appellate ruling on an issue of law made on a preliminary injunction appeal . . . does become the law of the case."  *See* 18B Wright et al., *Fed Prac. & Proc.* § 4478.5.  *But see Northglenn Gunther Toody's*, 2018 WL 1762611, at *5 (declining to give law of the case effect to the court's interpretation of a contract).  However, while some of these rulings may constitute the law of the case as to the interpretation of the employment agreement,[5] Hirschfeld urges the Court to reach the blanket conclusion that DTC is precluded from seeking injunctive relief on any of its claims.  *See* Docket No. 134 at 8 (arguing that DTC "cannot assert" a claim for injunctive relief against Hirschfeld).  Hirschfeld's motion wholly fails to analyze why the previous rulings as to the employment agreement bar injunctive relief as to each claim.  For example, as to the breach of contract claim, Hirschfeld makes the bare

---

[5] The Court declines to conclusively determine which of these rulings, if any, are "the law of the case" because such determination is not necessary to resolve the instant motion.

statement that "equitable relief is barred by . . . the law of the case." *See* Docket No. 134 at 9. Such a conclusory statement is insufficient to obtain judgment on the pleadings. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) ("A motion for judgment on the pleadings should not be granted unless the moving party has clearly established that . . . the party is entitled to judgment as a matter of law." (internal quotations omitted)). Because Hirschfeld has not demonstrated that the law of the case precludes DTC from obtaining any injunctive relief, he has failed to meet his burden to prove that he is entitled to judgment on the pleadings.

### B. Damages

Hirschfeld argues that several of DTC's claims include damages as a required element. *See, e.g.*, Docket No. 134 at 8-9.[6] Because DTC has elected not to pursue money damages as relief, Hirschfeld contends that he is entitled to judgment as a matter of law on the claims where damages is a required element. *See id.* at 9 (arguing that DTC cannot succeed on its breach of the duty of loyalty claim "because [DTC] waived the element of money damages"). However, Hirschfeld confuses the issue: the elements necessary to sustain a claim are not the same as the remedy for those claims. As the Court explained in its order on Hirschfeld's motion to compel arbitration, the assertion of claims in which damage is a necessary element does not "convert those claims into a request for monetary relief." *See* Docket No. 37 at 5. It does not follow that because DTC is not seeking money damages as a remedy from Hirschfeld it has

---

[6] Hirschfeld's motion is unclear, but the Court understands him to argue that DTC's claims for breach of contract, breach of the duty of loyalty, unjust enrichment, civil theft, civil conspiracy, RICO, and CFAA claims should fail on this basis.

failed to adequately plead those claims. Thus, the Court rejects Hirschfeld's argument that DTC's election not to pursue money damages as a remedy means that its claims that include damages as an element necessarily fail.[7]

**C.   RICO Claim**

Hirschfeld's motion includes a passing reference to the motions to dismiss filed by Craig Hirschfeld, Johnson, Stromstad, Rhinehart, and Ally Energy Services, Inc., suggesting that "[m]any of the arguments set forth in those motions are applicable to" Hirschfeld's motion. Docket No. 134 at 5. Hirschfeld does not explain how or why these arguments are applicable, and the Court will not engage in that work independently. *Cf. Johnson v. Gov't Emps. Ins. Co.*, 2014 WL 4648171 (D. Del. Sept. 12, 2014) ("[The Court is] not Captain Jack Sparrow, in search of the hidden treasure from the 'dreaded Isla de Muerta,' the 'island that cannot be found except by those who already know where it is.'" (quoting *Pirates of the Caribbean*: *The Curse of the Black Pearl* (2003)).

However, one exception is appropriate. In its complaint, DTC brings a claim for relief under RICO against all defendants save Ally Consulting. Docket No. 82 at 54-55, ¶¶ 328-36. DTC alleges that Ally Consulting is an "enterprise" and that the individual

---

[7] In his reply, Hirschfeld appears to argue that, because DTC seeks monetary damages against the other defendants but injunctive relief against Hirschfeld, DTC has impliedly conceded that money damages are adequate to compensate DTC for its injuries and therefore cannot obtain permanent injunctive relief. Docket No. 136 at 3-5. This argument is not properly before the Court. *See Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("[R]eply briefs *reply* to arguments made in the response brief – they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

14

defendants "conducted or participated in . . . the affairs and activities of Ally [Consulting] through a pattern of racketeering activity." *Id*. at 54, ¶¶ 329-30. In its order resolving the motions to dismiss, the Court concluded that the complaint failed to state a RICO claim. Docket No. 160 at 29-32. Noting that a RICO claim requires that a plaintiff demonstrate a pattern of racketeering activity, the Court found that this requirement was not met because "(1) the complaint fail[ed] to allege sufficient continuity to sustain a RICO claim, and (2) the complaint fail[ed] to adequately allege two predicate acts." *Id*. at 29-30 (internal quotations and citations omitted). The Court sees no reason why this analysis, which was not based on any allegations in the complaint specific to Craig Hirschfeld, Johnson, Stromstad, and Rhinehart, would differ for the RICO claim as brought against Hirschfeld. *Cf*. Fed. R. Civ. P. 12(h)(2) (allowing a party to raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c). Accordingly, the Court will grant judgment on the pleadings as to the RICO claim only.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Adam Hirschfeld's Motion for Judgment on the Pleadings [Docket No. 134] is **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that plaintiff's Twelfth Claim is **DISMISSED WITH PREJUDICE** for failure to state a claim.

DATED March 23, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge